UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-mj-485 |
| Plaintiff, | MAGISTRATE JUDGE |
| vs. | |
| TERRANCE A. CUMMINGS, | |
| Defendant. | |

### MOTION TO TEMPORARILY REVOKE DEFENDANT'S COMMUNICATION PRIVILEGES

The defendant, Terrance A. Cummings, is a preindictment matter scheduled before the Court with an indictment deadline of June 6, 2025. For the reasons that follow, the Government respectfully requests that this Court issue an Order restricting the defendant from having telephone contact – which includes phone calls, text messages, or internet-based communications – with anyone except defense counsel's legal team, including Stacey MacDonald, Joseph Medici, and defense counsel's support staff (to include the litigation support analyst, investigator, accountant, paralegal, psychologist, and mitigation expert). The Government asserts that defendant has continued to violate the standing orders of this Court, warnings from this Assistant United States Attorney, and provisions of the United States Code prohibiting contact or tampering with co-defendants and potential witnesses.

### FACTUAL AND PROCEDURAL BACKGROUND

The defendant was initially charged in October 2024 by way of a criminal complaint which alleged that between June 2023 and September 2024, the defendant violated numerous child exploitation violations of law, including violations of 18 U.S.C. §2251 (Sexual Exploitation of

Minor), 18 U.S.C. §§2252 and 2252A (Possession, Distribution, and/or Receipt of Child Pornography), 18 U.S.C. §2422 (Coercion and Enticement of a Minor), and 18 U.S.C. §1503 (Obstruction of Justice). (*See* Doc. # 1, Criminal Complaint and Affidavit.) On or about October 9, 2024, an initial appearance was held before Magistrate Judge Chelsey M. Vascura where the defendant was admonished about the maximum possible penalties related to his violations of federal law, to include a 25–50-year terms of imprisonment for violations of 18 U.S.C. §2251 due to his prior qualifying conviction for crimes related to the sexual abuse of a minor. (*See* Doc. # 8, Initial Appearance Minutes.) At that same hearing, the defendant was also admonished by the Court about contacting or speaking about potential victims in the case. As outlined in the complaint affidavit, the defendant had already asked one of the identified victims to delete content of his criminal activities from his social media accounts while he was in custody. This, as well as his contact to and about the victims, was flagged by the Government for the Court and the defendant was advised accordingly. The defendant was ordered detained pending trial after initially waiving his detention hearing.

On or about January 28, 2025, a defense motion for a detention hearing was filed. (*See* Doc. # 24, Defense Motion.) The hearing was set for February 3, 2025, and Magistrate Judge Kimberly A. Jolson found by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (*See* Doc. #38). Part of the evidence that was brought forth at that hearing related to the defendants communications with underage females, identified minor victims, and his communications with others about the victims in this case. It is the Government's assertion that, at the detention hearing, the defendant was admonished by the Court about his communications

2

and was placed on notice that the Government was monitoring them. In November 2024, the Court also granted the Government's motion for a protective order that restricted the defendant's counsel from providing any discovery materials to the defendant that identified witnesses, due to the Government's concern for potential harm to victims and witnesses involved in this case. (*See* Doc. # 19, Protective Order).

Since the time of the defendant's arrest, the parties have been attempting to reach a preindictment resolution on the case. During these time frames, the Government has also been in consistent contact with attorneys for the defense about behaviors the defendant has engaged in as learned about in jail calls that law enforcement has monitored. Conversations about revoking phone privileges of the defendant began in November 2024 and have carried on since then. On March 22, 2025, the Government tendered to the defense a proposed agreed resolution which encompassed numerous charges, and a lengthy statement of facts and allegations of crimes related to four minor victims. The Government alleges that after receiving this plea agreement, on or about April 2, 2025, while incarcerated at the Northeast Ohio Correctional Center (NEOCC), the defendant engaged in a three-way call with two adult males and reviewed the plea agreement with the males, identifying the names of the minor victims to them while conversing about their (alleged) cooperation with the Government in this case. Upon learning about this call, this AUSA notified the defendant's attorneys that a forthcoming motion to revoke communications would be filed on behalf of the United States. Based on the activities of the defendant, which the Government alleges jeopardizes safety of the victims, the Government makes this motion for a temporary revocation of communication privileges.

**LEGAL STANDARD**

As it pertains to pre-trial detainees, the Supreme Court has held that restrictions and conditions imposed as a result of detention are permissible so long as they "do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536-537 (1979). "If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id*. at 539. In assessing whether a condition is related to a legitimate government objective, the Court must look to: (1) whether there is a "valid, rational connection" between the restriction and "the legitimate governmental interest put forward to justify it," (2) "whether there are alternative means of exercising the right that remain open," (3) the impact of the requested accommodation on the administration of the facility, and (4) the "absence of ready alternatives." *Turner v. Safley*, 482 U.S. 78, 89–90 (1987) (internal quotations omitted).

Maintaining the security of a detention facility is one such legitimate governmental objective. *See id*. at 547; *Block v. Rutherford*, 468 U.S. 576, 586 (1984) ("there is no dispute that internal security of detention facilities is a legitimate governmental interest"). It is also permissible for a facility to deny detainees certain privileges if a detainee violates rules of the facility that are designed to maintain security. *See Stamper v. Campbell County, Ky.*, 415 Fed. Appx. 678, 680-681 (6th Cir. 2011) (finding no denial of Sixth Amendment right to counsel where pretrial detainee was prohibited from all phone access in the five-day period leading up to his plea hearing, as punishment for his violation of jail rules, which included the possession and attempted concealment of dangerous contraband); *Nouri v. County of Oakland*, 615 Fed. Appx. 291, 299 (6th Cir. 2015) (no Constitutional violation for defendant to be denied contact visits with his minor

children as a result of his numerous violations of jail ordinances that led to his status as a "high security" detainee).

While the Sixth Circuit has relied on other Supreme Court decisions to find that prisoners have a "right to communicate with family and friends" that is protected under the First Amendment, *see Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir.1994), such a right is not unlimited and is subject to "rational limitations in the face of legitimate security interests." *Id. See also Iswed v. Caruso*, 573 Fed. Appx. 485 (6th Cir. 2014) (applying *Washington* where prison denied inmate ability to place international phone calls and assessing the communication restriction pursuant to the *Turner* four-part test). The Sixth Circuit's rule, thus, is the same that the Supreme Court laid out in *Wolfish* and *Turner*. As explained below, the restriction that the government is seeking does not constitute punishment of a pretrial detainee because it is reasonably related to a legitimate objective under the *Turner* test.

## ANALYSIS AND ARGUMENT

The Government's request is reasonably related to a legitimate interest, specifically the safety and security of the victims in this case who may be, or are believed by the defendant to be, cooperating with the Government. The Crime Victims' Rights Act specifically provides such protection for victims, stating that they have a "right to be reasonably protected from the accused." 18 U.S.C. § 3771(a)(1).

The connection between the proposed restriction and the Government's objective is also obvious. The defendant is accomplishing the thing that the Government has a legitimate interest in preventing through his abuse of the jail telephone system. Restricting his access to that phone system relates only to the Government's interest in protecting victims from coercion and

5

harassment and intimidation, both from the defendant himself and others he informs about the identities of those he has victimized. This restriction also is not overly broad, as the defendant may still communicate with friends and family through letters or in-person visits and would be permitted to make telephone calls to his defense team. Finally,[1] the Government is aware of no possible less-restrictive alternatives that would accomplish the objective. The defendant's refusal to follow jail policies and his recurring and blatant disregard of admonishments from the Court, the Government, and his own attorneys about his use of the jail phone system is concerning. He has continued to engage in activity which could be considered a violation of the Court's admonishments and orders and, potentially, a potential additional violation of federal criminal law. Therefore, this proposed motion should be granted, and the defendant should be restricted from making any phone calls, including the sending of text messages or other internet-based forms of communication, from the jail, except to his legal team.

WHEREFORE, for all of the foregoing reasons, the Government respectfully requests that the Court issue an Order restricting the defendant from making any telephonic contact from the jail, except for communications with defense counsel's legal team, including Stacey MacDonald and Joseph Medici, and defense counsel's support staff (to include the litigation

---

[1] The Government has no information pertaining to the third *Turner* factor, i.e., the impact the proposed restriction would have on prison officials, other inmates, and the allocation of prison resources. Given the amount of time the defendant has spent on the phone since his arrest, which appears to be significant, the government believes that restricting his calls will actually work to the benefit of other inmates, as they will have greater access to the limited phone resources.

support analyst, investigator, accountant, paralegal, psychologist, and mitigation expert).

<div style="text-align: right">

Respectfully submitted,

**KELLY A. NORRIS**
ACTING UNITED STATES ATTORNEY

*/s/ Emily Czerniejewski*

_____
**EMILY CZERNIEJEWSKI (IL 6308829)**
**JENNIFER M. RAUSCH (0075138)**
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
Phone No.: (614) 406-3572
Fax No.: (614) 469-5653
Email: Emily.Czerniejewski@usdoj.gov
Jennifer.Rausch@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for was served this 16th day of April 2025, electronically on all counsel of record.

<div style="text-align: right">

*/s/ Emily Czerniejewski*

_____
**EMILY CZERNIEJEWSKI (IL 6308829)**
Assistant United States Attorney

</div>

support analyst, investigator, accountant, paralegal, psychologist, and mitigation expert).

Respectfully submitted,

**KELLY A. NORRIS**
ACTING UNITED STATES ATTORNEY

*/s/ Emily Czerniejewski*

_____
**EMILY CZERNIEJEWSKI (IL 6308829)**
**JENNIFER M. RAUSCH (0075138)**
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
Phone No.: (614) 406-3572
Fax No.: (614) 469-5653
Email: Emily.Czerniejewski@usdoj.gov
Jennifer.Rausch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for was served this 16th day of April 2025, electronically on all counsel of record.

*/s/ Emily Czerniejewski*

_____
**EMILY CZERNIEJEWSKI (IL 6308829)**
Assistant United States Attorney