# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**United States of America,**

    **v.**                                    **Case No. 2:25-cr-99**

**Terrance P. Cummings,**                    **Judge Michael H. Watson**

    **Defendant.**

## OPINION AND ORDER

Terrance P. Cummings ("Defendant") pleaded guilty to one count of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2), and 1594(a); one count of distribution and receipt of child pornography by a person previously convicted of an offense relating to sexual abuse of a minor, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); and one count of possession of child pornography by a person previously convicted of an offense relating to sexual abuse of a minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Plea Agmt., ECF No. 41. Defendant has yet to be sentenced.

Now before the Court is the Government's second motion to temporarily revoke Defendant's communication privileges.[1] ECF No. 57. The Government

---

[1] The Government first moved to revoke Defendant's communication privileges in April 2025, based on his communications with third-party adult men about his plea agreement and the identities of the minor victims in this case. ECF No. 31. The Magistrate Judge held a hearing on the Government's motion and entered an Order stating that Defendant "is to have no contact with the identified victims, or the family of any victims, or any women under the age of 25 years old, by any means, including, but not limited to, in person, by phone, via computer, in writing or through a third party" and that Defendant "is prohibited from contacting any third parties about the investigation and pending criminal case, other than his legal team[.]" ECF No. 38 at PAGEID # 77.

alleges that Defendant arranged to send mail to an adult woman, whom he knows to be involved with the investigation into the conduct underlying this case. *Id.* at PAGEID # 127. Additionally, the Government alleges that within the mail was a letter addressed to a 21-year-old woman also involved with the investigation. *Id.* Based on this conduct, the Government asks the Court to prohibit Defendant from contacting anyone by any means except for his attorneys. *Id.* at PAGEID # 124.

The Court held a hearing on the Government's motion on October 16, 2025. At the hearing, Defendant admitted that his conduct violated the Magistrate Judge's Order. Nevertheless, Defendant argues that the Government's revocation request is overly extreme and should be limited in time or scope. ECF No. 63 at PAGEID # 181.

The Court may not impose restrictions or conditions on Defendant that "amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 537 (1979). Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. *See id.* (citing cases and distinguishing "between punitive measures that may not constitutionally be imposed prior to a determination of guilt and regulatory restraints that may"). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 539.

Relevant here, the Government's proposed restriction implicates Defendant's First Amendment rights. *See Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (holding that pretrial detainees have a First Amendment right "to communicate with family and friends," which includes a sub-right to "reasonable access to the telephone"). But this right is "subject to rational limitations in the face of legitimate security interests of the penal institution." *Id.*; *see also Turner v. Safley*, 482 U.S. 78, 89 (1987) (outlining four-part test for determining whether a limitation impinging on a constitutional right is rational); *Florence v. Bd. of Choen Freeholders of Cty. of Burlington*, 566 U.S. 318, 322, 326–329 (2012) (applying *Turner* test to claims by pretrial detainees). Defendant appears to acknowledge that his First Amendment rights are not absolute, given his position at the hearing that the Court should modify (rather than decline to impose) the Government's proposed communication restrictions.

In this case, the Government demonstrated the legitimacy of its interests in its motion and at the hearing. Those interests include (1) the safety and security of victims and witnesses involved in this case; and (2) maintaining institutional security and preserving internal order and discipline. *See Bell*, 441 U.S. at 546; *see also, e.g.*, 18 U.S.C. § 3771(a)(1) (providing that victims have a "right to be reasonably protected from the accused"). Restricting Defendant's communication privileges is rationally related to these legitimate interests because it prevents victims from experiencing abuse or harassment, both from Defendant and the others that he talks to about them.

Moreover, Defendant has been admonished numerous times about the consequences of contacting or speaking about the minor victims in this case, yet he has continued to do so.  Defendant has a history of improperly communicating with victims or with others about them.  *See* ECF No. 31.  Defendant's identification of the minor victims on a three-way call with two other men resulted in the Magistrate Judge's Order significantly limiting his permitted communications.  ECF No. 37.  Still, in the face of this Order, Defendant sent notes and materials (in which he identifies the minor victims by name) to a woman involved with the investigation of Defendant's criminal activities. Defendant further sent a letter to a woman who is under 25 years old and was also involved with the investigation.  This conduct indicates to the Court that Defendant is unable to cease his concerning communications and that less restrictive revocation options would be ineffective to sufficiently further the Government's interest in protecting victims and maintaining security.

Accordingly, the Government's motion is **GRANTED in part** and **DENIED in part**.  For the remainder of this case through sentencing, Defendant **SHALL** be permitted to contact **ONLY** (1) his mother, Debra Cummings; (2) his sister, Kenisha Cummings; and (3) his attorney and legal team, including support staff, investigators, accountants, experts, and mental and physical health

professionals.[2] Defendant is **PROHIBITED** from communicating—either directly or indirectly by any means, including, but not limited to, in person, by telephone, by text message, by physical mail, and by electronic mail or other internet messaging—with anyone other than those individuals falling in the three categories above.

      **IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] To be clear, though Defendant may communicate with his mother and sister, he **SHALL NOT** indirectly communicate with others about the investigation and pending criminal case through them.